# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| JUAN C. MARTINEZ | § |
| | § |
| v. | §   SA-11-CV-139-XR |
| | § |
| BANK OF AMERICA | § |

## ORDER

On this day came on to be considered Defendant' motion for summary judgment (dkt. no. 6), Defendant's motion to strike Amended Complaint (dkt. no. 13), and Plaintiff's motion for leave to file a first amended complaint (dkt. no. 14).

## Background

Plaintiff initially filed this suit in the 45th Judicial District Court of Bexar County, Texas.  In his petition, Plaintiff alleged that he is a senior citizen[1], he began a banking relationship with Juan Cisneros, an officer of Bank of America, and subsequently discovered that Cisneros made unauthorized withdrawals to his account in the amount of $90, 369.42.  In this petition, he generally alleged that Defendant Bank of America made "material false representations." He also generally alleged that the acts or omissions of the Bank constitute a breach of

---

[1] It is unclear whether he currently is 79 years of age, or was 79 years of age when he first became a victim of the Bank officer's fraudulent statements.

contract. He alleges that the Bank is responsible for Cisneros's conduct because of an agency theory or respondeat superior theory. The Bank thereafter removed the case to this Court pursuant to the diversity jurisdiction statute. On July 12, 2011, the Bank designated Cisneros as a responsible third party pursuant to Tex. Civ. Prac. & Rem. Code §33.004.

On September 4, 2011, Plaintiff, without leave of court, filed an amended complaint. In that amended complaint Plaintiff clarified that "Cisneros intentionally misrepresented to Plaintiff the need to withdraw funds from his account so they did not exceed the bank's limit in these two accounts. Plaintiff relying on said representations agreed that the Bank representative could move funds to other holding accounts until the Plaintiff's accounts were below the limit and funds could be transferred back to said account."[2]

## Bank's Motion for Summary Judgment

The Bank acknowledges that Plaintiff was a customer and that he had a checking and money market account with the Bank. The Bank also implicitly acknowledges that unauthorized withdrawals were made from Plaintiff's

---

[2] The Bank moves to strike the amended complaint because no court leave was sought, the amended complaint was filed after the deadline set forth in the scheduling order. Plaintiff moves for leave of court to file allow the amended complaint, arguing that he has asserted no new causes of action and has merely elaborated upon the factual background. Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Fed. R. Civ. P. 16(b) (4); *S & W Enterps., L.L. C. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). To determine whether to extend the scheduling order deadline, the Court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. No new causes of action are raised in the amended complaint. Plaintiff has never been deposed in this case and no prejudice in this regard is shown. Accordingly, no continuance to cure any prejudice is required. Defendant's motion to strike Amended Complaint (dkt. no. 13) is denied. Plaintiff's motion for leave to file a first amended complaint (dkt. no. 14) is granted.

2

accounts. The Bank argues that pursuant to the terms of the Deposit Agreement, Plaintiff was required to report any unauthorized withdrawals within 60 days of receipt of his monthly statement. Plaintiff alleges that unauthorized withdrawals began to occur as early as 2001. The Bank argues it timely sent Plaintiff monthly statements to his home and that Plaintiff never reported any discrepancy until April 12, 2010. Accordingly, the Bank argues that with the exception of six timely reported unauthorized transactions, Plaintiff's claims of breach of contract are barred by the sixty-day notice requirement. Alternatively, it argues that Plaintiff's claims are barred by a one-year notice requirement pursuant to Tex. Bus. & Com. Code §4.406.

## Summary Judgment Standard

Summary judgment is proper only when the movant can demonstrate that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. To defeat a properly pled motion for summary judgment, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The court must resolve factual controversies in favor of the nonmoving party. However, the nonmoving party cannot satisfy its burden merely by establishing

"some metaphysical doubt as to the material facts,"[3] by conclusory allegations in affidavits, or by only a scintilla of evidence.[4]

## Analysis

The Bank relies upon numerous cases that state section 4.4.06:

> facilitates financial transactions, benefitting both consumers and financial institutions, by allocating responsibility among the parties according to whoever is best able to prevent a loss. Because the customer is more familiar with his own signature, and should know whether or not he authorized a particular withdrawal or check, he can prevent further unauthorized activity better than a financial institution, which may process thousands of transactions in a single day. Section 4.406 acknowledges that the customer is best situated to detect unauthorized transactions on his own account by placing the burden on the customer to exercise reasonable care to discover and report such transactions.[5]

The Bank's reliance on Martin, however, is misplaced.[6] Martinez could not have discovered any forged check or unauthorized activity. Indeed, Martinez asserts that he was deceived by the Bank's officer into authorizing a transfer of his monies into what he believed was another account.

## Conclusion

Inasmuch as the Bank raises no other arguments in its motion, the motion for summary judgment (dkt. no. 6) is denied. Defendant's motion to

---

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

[4] *Little*, 37 F.3d at 1075 (*quoting Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)).

[5] *American Airlines Employees Federal Credit Union v. Martin*, 29 S.W.3d 86, 91 (Tex. 2000).

[6] *Jones v. Wells Fargo Bank, N.A.*, --- F.3d ----, 2012 WL 34123 (5th Cir. Jan. 9, 2012).

4

strike Amended Complaint (dkt. no. 13) is denied. Plaintiff's motion for leave to file a first amended complaint (dkt. no. 14) is granted.

It is so ORDERED.

SIGNED this 26th day of January, 2012.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE